**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL FOLKNER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 23-1470 (ZNQ)<br><br>OPINION |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon Plaintiff Michael Folkner's ("Plaintiff") appeal of the Social Security Administration's denial of his application for Child Disability Benefits under Title II of the Social Security Act, 42 U.S.C. § 423, *et seq.* (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

  After reviewing the parties' submissions and the Administrative Record ("AR"), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence. Accordingly, the decision will be AFFIRMED.

**I. BACKGROUND**

  The issues before the Court are: (1) whether the ALJ properly considered the opinions of treating orthopedist Dr. Christopher Caruso ("Dr. Caruso") and treating primary care physician Dr. Lauren Bischoff ("Dr. Bischoff"); (2) whether the ALJ properly considered Plaintiff's

testimony pursuant to Social Security Ruling ("SSR") 16-3P; and (3) whether substantial evidence supports the ALJ's finding at step five of the sequential evaluation process.

### A. Procedural Posture

On April 15, 2020, Plaintiff filed an application for Child Disability Benefits ("CDB"). (ECF No. 7-2, AR 16.) Plaintiff initially alleged a disability onset date of January 1, 2013, but then later amended the date to January 12, 2014, the day before his 18th birthday. (*Id.*) The Social Security Administration ("SSA") denied the request both initially and on reconsideration. (*Id.*) Thereafter, Plaintiff requested a hearing, which was held via telephone on March 8, 2022. (*Id.*) In May 2022, the presiding ALJ issued a decision, finding that Plaintiff was not disabled under section 223(d) of the Social Security Act prior to the day he attained age 22, and Plaintiff appealed. (*Id.* 1, 28.) The SSA's Appeals Council denied Plaintiff's request for review, finding no grounds for review of the ALJ's decision. (*Id.* 1.) Accordingly, Plaintiff initiated the instant appeal before this Court. (ECF No. 1.)

On July 12, 2023, Plaintiff filed her Opening Brief ("Pl.'s Br.," ECF No. 8). The Commissioner filed a brief in opposition ("Opp'n Br.," ECF No. 10), to which Plaintiff replied ("Reply Br.," ECF No. 13).

### B. The ALJ's Decision

On May 2, 2022, the ALJ determined that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 13–32.) The ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* 17–18 (citing 20 C.F.R. § 404.1520 *et seq.*).) At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity" since the disability onset date, January 12, 2014. (*Id.* 19 (citing 20 C.F.R. § 404.1571 *et seq.*).) At step two, the ALJ found that Plaintiff suffered from the following severe impairments: severe kyphoscoliosis and status-post spinal fusion in 2014. (*Id.* (citing 20 C.F.R. § 404.1520(c)).) At

2

step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that qualified under the SSA's listed impairments. (*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).)

Before proceeding to steps four and five, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to "perform sedentary work" as the regulations define that term, with limited exceptions, including that Plaintiff requires "the option to sit or stand at will in the workstation while remaining on task . . . could occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds, and occasionally crouch, crawl, stoop, kneel and balance; never work with heavy machinery or at unprotected heights; and perform no overhead reaching, but could perform frequent reaching in all other directions." (*Id.* (citing 20 C.F.R. § 404.1567(a).) The analysis then proceeded to step five, because Plaintiff had no past relevant work. (*Id.* 26–27.) At the fifth step, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Plaintiff could perform. (*Id.* 27 (citing 20 C.F.R. §§ 404.1569, 404.1569(a)).)

## II. **LEGAL STANDARD**

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (internal quotation marks omitted).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require an explanation from the ALJ of the reason why probative evidence has been rejected to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981).

### III. DISCUSSION

#### A. Whether the ALJ Erred in Considering the Opinions of Dr. Caruso and Dr. Bischoff

Plaintiff first argues that the ALJ improperly evaluated the opinions of treating orthopedist Dr. Caruso and treating primary care physician Dr. Bischoff by finding that the opinions are not persuasive. (Moving Br. at 12–17.) Specifically, the ALJ found unpersuasive Dr. Caruso's November 26, 2021 opinion that Plaintiff "may not return to work at this time due to scoliosis surgery" in part because, according to the ALJ, Dr. Caruso had provided no explanation for such a finding. (*Id.* at 12–13; AR 25.) Plaintiff emphasizes that Dr. Caruso is a treating and examining doctor who specializes in the field for which his opinion is offered, and insists that Dr. Caruso

4

does give reasons to support his opinion. (Moving Br. at 13 (relaying some of Dr. Caruso's findings).) Plaintiff further argues that the ALJ "made no mention whatsoever regarding how Dr. Caruso's opinion comports with other significant evidence of record." (*Id.*)

Regarding Dr. Bischoff's RFC assessment dated December 7, 2021, the ALJ found it not persuasive overall because the limitations proposed in the RFC are neither supported by objective evidence from Dr. Bischoff nor consistent with evidence in the record from when Plaintiff was ages 18 to 22 (the "Relevant Period"). (Moving Br. at 13; AR 25–26.) Plaintiff argues that, contrary to the ALJ's findings, Dr. Bischoff's RFC assessment is consistent with both her own treatment notes and the record from before and during the Relevant Period. (Moving Br. at 13–15.)

Under the updated regulations, an ALJ is to consider the persuasiveness of the medical opinions and prior administrative medical findings instead of assigning them weight, as was required under the previous regulations. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Critically, the two most important factors are supportability and consistency. (*Id.*) After careful review of the ALJ's decision, the Court finds that the ALJ carefully considered the opinions of both Dr. Caruso and Dr. Bischoff. First, as the ALJ correctly points out in her decision, Dr. Caruso's statement regarding Plaintiff's capacity to work opines on a legal issue that is reserved for the Commissioner. (AR 25.) In any event, Dr. Caruso provides no explanation for why, seven and a half years after Plaintiff's surgery, Plaintiff could not work when the only limitations found by Dr. Caruso were mild restrictions. (*Id.*)

The ALJ concluded that Dr. Bischoff's findings were internally inconsistent as well, noting that Dr. Bischoff's RFC assessment—including that Plaintiff cannot work because he is unable to stand or sit for long periods of time—is not supported by her own medical finding that Plaintiff's

impairments neither prevent him from sitting for 6-8 hours nor from standing for 6-8 hours, though he can only sit for 45 minutes at a time and stand for 30 minutes at a time. (*Id.* 25–26.) Moreover, the ALJ noted that Dr. Bischoff did not begin treating Plaintiff until November 2021, "well after" the Relevant Period had ended in January 2018, and that the limitations proposed in Dr. Bischoff's RFC were inconsistent with the record from the Relevant Period. (*Id.* 26.) Notwithstanding Plaintiff's arguments to the contrary, the Court finds that the ALJ did consider the opinion of Dr. Bischoff when determining Plaintiff's RFC. (*Id.*) In so doing, the ALJ outlined Dr. Bischoff's medical observations and ultimately concluded that some of Dr. Bischoff's findings—Plaintiff's ability to lift/carry five to ten pounds and Plaintiff's ability to sit throughout the day but with restrictions—are in fact consistent with a sedentary RFC. (*Id.*)

In sum, the ALJ assessed Dr. Caruso's and Dr. Bischoff's opinions and persuasiveness, but found them to be unconvincing on the whole and not supported by the record. (*Id.* 25–26.) Accordingly, the Court finds that the ALJ's assessment of Dr. Caruso's and Dr. Bischoff's persuasiveness was explained and is supported by substantial evidence in the record.[1]

**B.   Whether the ALJ Erred in Considering Plaintiff's Testimony**

Next, Plaintiff argues that the ALJ failed to properly consider Plaintiff's subjective complaints pursuant to SSR 16-3P. (Moving Br. at 17–21.) In her decision, the ALJ found that Plaintiff had medically determinable impairments reasonably expected to cause his symptoms, but that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his limitations was "not entirely consistent" with the medical and other evidence of record. (AR 22.) Plaintiff

---

[1] The Court rejects Plaintiff's argument that substantial evidence does not support the ALJ's opinion because the ALJ "found no opinion to be persuasive." (Moving Br. at 16.) The ALJ is not required to adopt any particular medical opinion when making an RFC assessment; rather, the ALJ is simply required to consider such reports, which, as explained herein, the ALJ did here. *Chandler v. Comm'r of Soc. Sec'y*, 667 F.3d 356, 362 (3d Cir. 2011). Moreover, in so doing, the ALJ did not "substitut[e] her own medical judgment" for those of the doctors, as Plaintiff contends, but rather considered the evidence in light of the entirety of the record. (Moving Br. at 17.)

contends that, to the contrary, "substantial evidence in the record" does support Plaintiff's testimony, including: an April 2, 2015 x-ray showing a "persistent shoulder tilt" one year after surgery, (Moving Br. at 19–20); Dr. Amer F. Samdani, M.D.'s directive "that he would like Plaintiff not to be involved in any work-related activities until 1 year after surgery," (*id.* at 19); and Plaintiff's attendance at physical therapy after his surgery from May 27, 2014 to May 30, 2014, (*id.* at 21.) Additionally, Plaintiff argues that the record shows he was persistently disabled during the Relevant Period despite experiencing temporary reductions of his symptoms for brief periods of time. (*Id.* at 19–20.) Therefore, Plaintiff maintains that the ALJ should have given greater probative value to Plaintiff's testimony. (*Id.* at 21.)

Pursuant to SSR 16-3P and corresponding SSA regulations, the ALJ must engage in a two-step process when evaluating an individual's symptoms; first the ALJ must determine whether the individual has any medically determinable impairments that could reasonably be expected to produce their alleged symptoms, and then the ALJ must evaluate the intensity and persistence of those impairments to determine the extent to which they limit the individual's capacity for work. SSR 16-3P; 20 C.F.R. § 404.1529(c)(1)–(3). The ALJ must consider several factors during this analysis, and "evaluate [the individual's] statements in relation to the objective medical evidence and other evidence" in the record, including to determine "whether there are any inconsistencies in the evidence." 20 C.F.R. § 404.1529(c)(4).

After careful review of the record and the ALJ's decision, it is clear that the ALJ not only properly articulated the above framework for evaluating Plaintiff's symptoms, but she applied it in a thorough and thoughtful manner. (*See* AR 20–26.) The ALJ outlined in detail Plaintiff's pre-surgery medical evidence, and then explained that, post-surgery, his few follow-up doctor visits indicated that he was doing well—including a noted "excellent correction of the deformity" by

April 2016. (*Id.* 23.) The ALJ noted that, thereafter, the record shows a "significant gap in treatment" until November 2021, at which time Plaintiff saw Dr. Bischoff at age 28. (*Id.* 23–24.) Nonetheless, the ALJ took into account Plaintiff's treatment measures that he underwent after the Relevant Period when evaluating Plaintiff's subjective complaints, including, *inter alia*, his medications that were prescribed after the Relevant Period. (AR 21.)

In sum, the ALJ found Plaintiff's testimony to be "not entirely consistent" with the medical evidence from the Relevant Period, which the Court deems a generous evaluation. (*Id.* 22.) In sum, the Court finds that substantial evidence supports the ALJ's findings with respect to Plaintiff's testimony.[2]

### C. Whether the ALJ Erred in Concluding at Step Five that Jobs Exist in Significant Numbers in the National Economy which Plaintiff Could Perform

Finally, Plaintiff argues that the ALJ did not meet the SSA's burden at step five when she concluded that Plaintiff could perform during the Relevant Period the jobs of addresser, stuffer, and table worker, which exist in significant numbers in the national economy. (Moving Br. at 21–25.) Plaintiff insists that he cannot perform the listed jobs because they all to some extent require overhead reaching, which he cannot do, and all require frequent reaching in other directions. (*Id.* at 23.) Plaintiff additionally challenges the Vocational Expert's ("VE") hearing testimony, arguing that her testimony regarding the sit/stand option at the named jobs conflicts with SSR 83-12, the Bureau of Labor Statistics, and Plaintiff's sedentary RFC.[3] (*Id.* at 23–24.) Plaintiff argues that the VE's testimony violates SSR 00-4p by conflicting with Plaintiff's RFC. (*Id.* at 24.) Lastly,

---

[2] Plaintiff argues for the first time in his Reply Brief that the ALJ improperly "cherry-picked" evidence when evaluating Plaintiff's testimony. (Reply Br. at 10–11.) Because that argument was raised too late in Plaintiff's briefing, depriving Defendant of the chance to respond, the Court declines to address it. *See, e.g., Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (a moving party may not raise new issues in its reply brief that it should have raised in its initial brief). Notwithstanding, the Court disagrees with Plaintiff and finds that the ALJ's assessment of Plaintiff's testimony was based on the entire record before her.

[3] Plaintiff adds that the job of stuffer in particular poses "postural limitations" despite the VE's testimony to the contrary. (Moving Br. at 24.)

8

Plaintiff disputes the reliability of the job numbers provided by the VE, because Job Browser Pro shows job numbers that are far lower for each position than those identified by the VE.[4]

After careful review of the record, the Court finds that substantial evidence supports the ALJ's finding at step five. In making her decision at step five, the ALJ explained that she relied on the Dictionary of Occupational Titles ("DOT"), as well as on the VE's testimony to explain the impact of limitations on which the DOT is silent, including the sit/stand option[5] and reaching overhead versus reaching in other directions. (AR 27.) The ALJ further explained that the VE's testimony was based on the VE's professional experience as a vocational rehabilitation counselor, and concluded that, in compliance with SSR 00-4p, the VE's testimony posed no conflicts with the DOT. (*Id.*)

The Court therefore finds no reason to disturb the ALJ's step five findings, as they are supported by substantial evidence.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court will AFFIRM the ALJ's decision. An appropriate Order will follow.

**Date: April 23, 2024**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff argues that such job numbers are not "significant" even before considering possible downward adjustments based on Plaintiff's RFC. (Moving Br. at 25.)

[5] The Court rejects Plaintiff's argument that the VE's testimony conflicts with SSR 83-12. Just because SSR 83-12 deems the sit/stand option a "special situation" does not mean the VE's testimony in this regard is inaccurate or implausible. *See* SSR 83-12.